**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03928-14**

**DEC 20, 2021 03:42 PM**

Jacqline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

NATHANIEL CLARK,                    )
                                    )
            Plaintiff,              )          Civil Action
                                    )          No. 2021CV03928-14
v.                                  )
                                    )
CITY OF FOREST PARK, GA and         )
LATRESA AKINS-WELLS, in her         )
Official and individual capacity,   )
                                    )
            Defendants.             )

## CITY OF FOREST PARK, GEORGIA'S ANSWER
## AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW The City of Forest Park, Georgia (the "City"), pursuant to O.C.G.A. §§ 9-11-8 and 9-11-12 and answers Plaintiff's Complaint ("Complaint") as follows:

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity.

### THIRD DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time-period required by the applicable statute.

### FIFTH DEFENSE

All actions taken with respect to the Plaintiff were for legitimate, non-retaliatory reasons.

## SIXTH DEFENSE

The legitimate, non-retaliatory reasons for any adverse action taken with respect to the Plaintiff were not pretexts for unlawful retaliation.

## SEVENTH DEFENSE

Even if any adverse actions were taken against the Plaintiff for reasons related to Plaintiff's protected class status, protected activity, or any exercise by Plaintiff of protected rights, Plaintiff would have been subject to adverse employment actions or otherwise for reasons unrelated to any protected class status or activities, including after-acquired evidence.

## EIGHTH DEFENSE

Any adverse action taken against Plaintiff was done so in good faith without malice or reckless indifference to Plaintiff's protected rights.

## NINTH DEFENSE

Plaintiff did not make any disclosure or engage in any other activity protected under the Georgia Whistleblower Act ("GWA"), O.C.G.A. § 45-1-4.

## TENTH DEFENSE

Plaintiff has no actual or reasonable belief that he complained of or reported the possible existence of any activity constituting fraud, waste, or abuse in or relating to any state programs or operations under the jurisdiction of the City.

## ELEVENTH DEFENSE

Plaintiff has no actual or reasonable belief that he complained of, disclosed, objected to, or refused to participate in any violation of any law, rule, or regulation, as defined by O.C.G.A. § 45-1-4(d).

**TWELFTH DEFENSE**

The City has not made, adopted or enforced a policy or practice of preventing disclosure of or noncompliance with any law, rule, or regulation.

**THIRTEENTH DEFENSE**

Any complaint made by Plaintiff was made knowing it was false or with reckless disregard for its truth or falsity.

**FOURTEENTH DEFENSE**

No act or omission of the City either proximately caused or contributed to any injuries or damages allegedly incurred by Plaintiff. Therefore, Plaintiff has no right of recovery against the City.

**FIFTEENTH DEFENSE**

Some or all of Plaintiff's claims under the GWA fail because Plaintiff did not experience a tangible adverse employment action.

**SIXTEENTH DEFENSE**

Plaintiff's damages are limited to those remedies and those amounts provided for by statute.

**SEVENTEENTH DEFENSE**

Plaintiff has failed to mitigate damages as required by law.

**EIGHTEENTH DEFENSE**

Plaintiff's Complaint fails to state a claim for punitive, actual, special, exemplary, and/or compensatory damages.

**NINTEENTH DEFENSE**

Plaintiff's Complaint fails to state a claim for punitive damages. The City and Defendant

Latresa Akins-Wells sued in her official capacity are immune from liability for punitive damages, and punitive damages are the responsibility of none other than the active tortfeasor.

### TWENTIETH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of fraud.

### TWENTY-FIRST DEFENSE

Plaintiff has unclean hands.

### TWENTY-SECOND DEFENSE

The GWA does not support a claim for retaliatory hostile work environment.

### TWENTY-THIRD DEFENSE

Even if Plaintiff was subject to unlawful conduct based on Plaintiff's protected class status, protected activity, or any exercise by Plaintiff of protected rights, the City exercised reasonable care to prevent and correct the actions which support Plaintiff's claim and Plaintiff unreasonably failed to avail himself of preventive or corrective opportunities or to avoid harm otherwise.

### TWENTY-FOURTH DEFENSE

Plaintiff has not been subjected to retaliatory harassment and Plaintiff's Complaint does not allege, nor has Plaintiff experienced, retaliatory conduct sufficiently severe or pervasive to constitute conduct for which there is a legal remedy.

### TWENTY-FIFTH DEFENSE

The Defendants sued in their official capacity or otherwise are not liable for the individual acts of any of the Defendants.

### TWENTY-SIXTH DEFENSE

Defendants named in both their individual and official capacity are improperly joined as parties to the extent that they are named in their official capacity.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims may be subject to apportionment including pursuant to O.C.G.A § 51-12-33 and otherwise.

## TWENTY-EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred by the doctrines of absolute and qualified privilege provided by law and as provided for by O.C.G.A. § 51-5-7.

## THIRTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of truth and by justification provided for by law and by O.C.G.A. § 51-5-6.

## THIRTY-FIRST DEFENSE

Plaintiff's Complaint alleges communications that, if made, are protected opinion and cannot provide a basis for any defamation claims by Plaintiff.

## THIRTY-SECOND DEFENSE

The City reserves the right to plead and prove such other defenses as may become known during the course of its investigation.

## THIRTY-THIRD DEFENSE

For answers to the respective paragraphs of the Complaint, the City shows as follows:

## PARTIES

1.

The City shows that this paragraph contains a legal conclusion to which no response is

required; however, to the extent a response is required, the City admits Plaintiff was hired as Police Chief on May 14, 2019. The City denies the remaining allegations pled in Paragraph 1 of the Complaint.

2.

The City shows that this paragraph contains a legal conclusion to which no response is required; however, to the extent a response is required, the City admits its principal address is located at 745 Forest Parkway, Forest Park, GA 30297. The City denies the remaining allegations pled in Paragraph 2 of the Complaint.

3.

The City admits the allegations pled in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.

The City admits the allegations pled in Paragraph 4 of the Complaint.

5.

The City admits that Councilwoman Latresa Akins-Wells ("Defendant Wells") and the City reside in Clayton County. The City denies the remaining allegations pled in Paragraph 5 of the Complaint

6.

The City denies the allegations pled in Paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7.

The City admits Plaintiff was hired as Police Chief on May 14, 2019. The City is without knowledge or information sufficient to admit or deny the truth of the allegation that Plaintiff is a

"permanent Black individual."  The City denies the remaining allegations pled in Paragraph 7 of the Complaint.

8.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 8 of the Complaint.

9.

The City admits the allegations pled in Paragraph 9 of the Complaint.

10.

The City admits the allegations pled in Paragraph 10 of the Complaint.

11.

The City admits the allegations pled in Paragraph 11 of the Complaint.

12.

The City admits that an audit was conducted on the Police Department after Plaintiff became Chief of Police.  The City is without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in Paragraph 12 of the Complaint.

13.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 13 of the Complaint.

14.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 14 of the Complaint.

15.

The City is without knowledge or information sufficient to admit or deny the truth of the

allegations pled in Paragraph 15 of the Complaint.

16.

The City shows that the allegations pled in Paragraph 16 of the Complaint refer to an online document, the content of which speaks for itself.  The City is without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in Paragraph 16 of the Complaint.

17.

The City denies the allegations pled in Paragraph 17 of the Complaint.

18.

The City admits that City Manager Angela Redding left employment with the City in January 2020 and the City appointed Plaintiff as Interim City Manager/Police Chief effective January 7, 2020.  The City denies the remaining allegations pled in Paragraph 18 of the Complaint.

19.

The City admits the allegations pled in Paragraph 19 of the Complaint.

20.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 20 of the Complaint.

21.

The City admits Plaintiff recommended that a financial audit be conducted regarding SPLOST expenditures and that the City regularly conducts audits.  The City denies the remaining allegations pled in Paragraph 21 of the Complaint.

22.

The City admits the allegations pled in Paragraph 22 of the Complaint.

23.

The City shows that the allegations pled in Paragraph 23 of the Complaint refer to an external document, the content of which speaks for itself.  The City admits Plaintiff received a performance review on June 30, 2020 from City Manager Barker.  The City denies the remaining allegations pled in Paragraph 23 of the Complaint.

24.

The City shows that the allegations pled in Paragraph 24 of the Complaint refer to a document attached to the Complaint as Exhibit A, the content of which speaks for itself.  The City denies the remaining allegations pled in Paragraph 24 of the Complaint.

25.

The City admits creating the position of Deputy City Manager/Public Safety Director.  The City denies the remaining allegations pled in Paragraph 25 of the Complaint.

26.

The City shows that the allegations pled in Paragraph 26 of the Complaint refer to a document attached to the Complaint as Exhibit B, the content of which speaks for itself.  The City denies the remaining allegations pled in Paragraph 26 of the Complaint.

27.

The City denies the allegations pled in Paragraph 27 of the Complaint.

28.

The City is without knowledge or information sufficient to admit or deny the truth of whether City Manager Barker made the statements to Plaintiff alleged in Paragraph 28 of the Complaint.  The City denies the remaining allegations pled in Paragraph 28 of the Complaint.

29.

The City shows that the allegations pled in Paragraph 29 of the Complaint refer to a document attached to the Complaint as Exhibit C, the content of which speaks for itself.  The City is without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in Paragraph 29 of the Complaint.

30.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 30 of the Complaint.

31.

The City shows that the allegations pled in Paragraph 31 of the Complaint refer to a document attached to the Complaint as Exhibit D, the content of which speaks for itself.  The City admits it regularly conducts audits.  The City is without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in Paragraph 31 of the Complaint.

32.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 32 of the Complaint.

33.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 33 of the Complaint.

34.

The City shows that the allegations pled in Paragraph 34 of the Complaint refer to a document attached to the Complaint as Exhibit E, the content of which speaks for itself.  The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in

Paragraph 34 of the Complaint.

35.

The City is without knowledge or information sufficient to admit or deny the truth of whether City Manager Barker made the statements alleged in Paragraph 35 of the Complaint to Plaintiff.  The City denies the remaining allegations pled in Paragraph 35 of the Complaint.

36.

The City is without knowledge or information sufficient to admit or deny the truth of whether City Manager Barker made the statements alleged in Paragraph 36 of the Complaint to Plaintiff and "others."  The City denies the remaining allegations pled in Paragraph 36 of the Complaint.

37.

The City shows that the allegations pled in Paragraph 37 of the Complaint refer to an external document, the content of which speaks for itself.  The City admits Plaintiff received a performance review from City Manager Barker on November 2, 2020.  The City denies the remaining allegations pled in Paragraph 37 of the Complaint.

38.

The City shows that the allegations pled in Paragraph 38 of the Complaint refer to an external document, the content of which speaks for itself.  The City denies the remaining allegations pled in Paragraph 38 of the Complaint.

39.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 39 of the Complaint.

40.

The City admits Plaintiff entered into a new employment contract with the City on November 4, 2020 and shows that the content of this employment contract speaks for itself.  The City denies the remaining allegations pled in Paragraph 40 of the Complaint.

41.

The City denies the allegations pled in Paragraph 41 of the Complaint.

42.

The City denies the allegations pled in Paragraph 42 of the Complaint.

43.

The City admits that Ken Thompson resigned from his position as Finance Director.   The City is without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in Paragraph 43 of the Complaint.

44.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 44 of the Complaint.

45.

The City admits the allegations pled in Paragraph 45 of the Complaint.

46.

The City admits Fire Chief Don Horton was put on administrative leave due to sexual harassment allegations against him.  The City is without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in Paragraph 46 of the Complaint.

47.

The City admits that an investigation was conducted into the sexual harassment allegations

against Fire Chief Horton, that the investigation determined that Fire Chief Horton violated the City's workplace harassment policy, and that the Governing Body terminated Fire Chief Horton after receiving the findings of the investigation.  The City denies the remaining allegations pled in Paragraph 47 of the Complaint.

48.

The City denies the allegations pled in Paragraph 48 of the Complaint.

49.

The City admits that Plaintiff appeared at Fire Chief Horton's appeal hearing.  The City denies the remaining allegations pled in Paragraph 49 of the Complaint.

50.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 50 of the Complaint.

51.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 51 of the Complaint.

52.

The City denies the allegations pled in Paragraph 52 of the Complaint.

53.

The City denies the allegations pled in Paragraph 53 of the Complaint.

54.

The City admits Plaintiff had a meeting with City Manager Marc-Antonie Cooper on May 28, 2021.  The City denies the remaining allegations pled in Paragraph 54 of the Complaint.

55.

The City admits that the City investigated an allegation of improper surveillance and determined the allegations to be unfounded.   The City denies the remaining allegations pled in Paragraph 55 of the Complaint.

56.

The City denies the allegations pled in Paragraph 56 of the Complaint.

57.

The City denies the allegations pled in Paragraph 57 of the Complaint.

58.

The City denies the allegations pled in Paragraph 58 of the Complaint.

59.

The City admits the City Manager hired the City's Fire Chief.   The City denies the remaining allegations pled in Paragraph 59 of the Complaint.

60.

The City denies the allegations pled in Paragraph 60 of the Complaint.

61.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 61 of the Complaint.

62.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 62 of the Complaint.

63.

The City is without knowledge or information sufficient to admit or deny the truth of the

allegations pled in Paragraph 63 of the Complaint.

64.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 64 of the Complaint.

65.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 65 of the Complaint.

66.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 66 of the Complaint.

67.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 67 of the Complaint.

68.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 68 of the Complaint.

69.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 69 of the Complaint.

70.

The City shows that the allegations pled in Paragraph 70 of the Complaint refer to an online document, the content of which speaks for itself.  The City denies the remaining allegations pled in Paragraph 70 of the Complaint.

71.

The City shows that the allegations pled in Paragraph 71 of the Complaint refer to an online document, the content of which speaks for itself.  The City denies the remaining allegations pled in Paragraph 71 of the Complaint.

72.

The City is without knowledge or information sufficient to admit or deny the truth of the allegations pled in Paragraph 72 of the Complaint.

73.

The City shows that the allegations pled in Paragraph 73 of the Complaint refer to an external document, the content of which speaks for itself.  The City denies the remaining allegations pled in Paragraph 73 of the Complaint.

74.

The City denies the allegations pled in Paragraph 74 of the Complaint.

75.

The City denies the allegations pled in Paragraph 75 of the Complaint.

76.

The City denies the allegations pled in Paragraph 76 of the Complaint.

77.

The City is without knowledge or information sufficient to admit or deny the truth of whether a City official told Plaintiff the statements alleged in Paragraph 77 of the Complaint.

**COUNT I:**
**RETALIATION UNDER THE**
**GEORGIA WHISTLEBLOWER ACT, O.C.G.A. § 45-1-4, *et seq.***
**(The City)**

78.

The City incorporates by reference its responses to Paragraphs 1 through 77 of the Complaint as though set forth specifically herein.

79.

The City shows that this paragraph contains a legal conclusion to which no response is required; however, to the extent a response is required, the City shows that the referenced code section, O.C.G.A. § 45-1-4, speaks for itself. The City denies the remaining allegations pled in Paragraph 79 of the Complaint.

80.

The City admits Plaintiff entered into a new employment contract with the City on November 4, 2020 and shows that the content of this employment contract speaks for itself.  The City denies the remaining allegations pled in Paragraph 80 of the Complaint.

81.

The City denies the allegations pled in Paragraph 81 of the Complaint.

82.

The City denies the allegations pled in Paragraph 82 of the Complaint.

83.

The City denies the allegations pled in Paragraph 83 of the Complaint.

84.

The City denies the allegations pled in Paragraph 84 of the Complaint.

85.

The City denies the allegations pled in Paragraph 85 of the Complaint.

86.

The City denies the allegations pled in Paragraph 86 of the Complaint.

## COUNT II:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## <u>UNDER THE COMMON LAW OF GEORGIA</u>
### (Defendant Wells)

87.

The City incorporates by reference its responses to Paragraphs 1 through 86 of the Complaint as though set forth specifically herein.

88.

The City denies the allegations pled in Paragraph 88 of the Complaint.

89.

The City denies the allegations pled in Paragraph 89 of the Complaint.

## COUNT III:
## <u>SLANDER</u>
### (Defendant Wells)

90.

The City incorporates by reference its responses to Paragraphs 1 through 89 of the Complaint as though set forth specifically herein.

91.

The City denies the allegations pled in Paragraph 91 of the Complaint.

92.

The City denies the allegations pled in Paragraph 92 of the Complaint.

93.

The City denies the allegations pled in Paragraph 93 of the Complaint.

94.

The City denies the allegations pled in Paragraph 94 of the Complaint.

95.

The City denies Plaintiff is entitled to any of the relief set forth in the requests in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 94 of the Complaint, including the relief sought in subsections (a) through (h), and denies that Plaintiff is entitled to any relief whatsoever under any theory at law or in equity. The City denies the remaining allegations pled in this unnumbered paragraph of the Complaint.

96.

Any allegations in the Complaint not heretofore answered, qualified, or denied are here and now denied as though set forth specifically and denied.

**WHEREFORE**, The City in the above-referenced civil action respectfully requests that this Court:

1. Dismiss with prejudice Plaintiff's Complaint;

2. Enter judgment in favor of the City and against Plaintiff;

3. Award the City its reasonable attorney's fees, costs, and expenses pursuant to applicable law; and

4. Award any and all other relief to the City that this Court may deem necessary and proper.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**


*/s/ Michael M. Hill*
Michael M. Hill
Georgia Bar No. 770486
Shaheem M. Williams
Georgia Bar No. 666654
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
T: (770) 818-0000
F: (770) 937-9960

*Counsel for City of Forest Park, GA*

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

NATHANIEL CLARK,                    )
                                    )
    Plaintiff,              )          Civil Action
                                    )          No. 2021CV03928-14
v.                                  )
                                    )
CITY OF FOREST PARK, GA and         )
LATRESA AKINS-WELLS, in her         )
Official and individual capacity,   )
                                    )
    Defendants.             )

### CERTIFICATE OF SERVICE

I certify that on this day I electronically filed the foregoing **CITY OF FOREST PARK, GEORGIA'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Peach Court e-filing system, which will automatically send electronic mail notification of such filing to all counsel of record, and by depositing a true copy of the same in the United States mail, proper postage prepaid, addressed to counsel of record as follows:

Jackie Lee
LEE LAW FIRM, LLC
1100 Peachtree Street NE, Suite 250
Atlanta, Georgia 30309
jackie@leelawga.com

This 20th day of December, 2021.

/s/ Michael M. Hill
Michael M. Hill
Georgia Bar No. 770486
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
T: (770) 818-0000
F: (770) 937-9960